**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SYLVESTER BRADFORD, et al.,<br><br>Defendants._____/ | ORDER<br><br>No. C 13-3564 RS |
| DARRICK D. STERLING, et al.<br><br>Plaintiffs<br><br>v.<br><br>DEUTSCHE BANK AMERICAS, et al.,<br><br>Defendants._____/ | No. C 14-00827 CW |

The judge presiding over the second of the above-captioned cases has referred it to the undersigned for a determination as to whether it is related to the first, within the meaning of Civil

Local Rule 3-12. The court finds that the cases are not so related.  The older action, and several even earlier-filed cases related thereto, all represented a state court unlawful detainer proceeding that Sylvester Bradford repeatedly attempted to remove to this court.  In remanding those actions for lack of jurisdiction, the Court explained that any affirmative claims Bradford might have against Deutsche Bank or other parties could not support removal jurisdiction. The remand order in Case No. C 13-3564 RS, however, expressly left open the possibility that Bradford could file a separate action in this forum, in the event he genuinely believes he has claims against Deutsche Bank or others, and there is an independent basis for jurisdiction over such claims.

Cases are related under Rule 3-12 where they (1) "concern substantially the same parties, property, transaction or event" and, (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Here, although the cases all relate generally to Deutsche Bank's efforts to foreclose on certain real property, the sole issue implicated by the earlier-filed cases was whether removal jurisdiction existed over a state unlawful detainer proceeding.  Neither the merits nor the details of the claims alleged in the presently-pending suit were relevant to that determination, or were evaluated to any degree.  Under these circumstances, the overlap in the actions is superficial and does not implicate the efficiency and consistency concerns reassignment under Rule 3-12 is designed to address.   Accordingly, there is no basis to find the cases to be related.

IT IS SO ORDERED.

Dated: 2/28/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE